## CENTURY INS. CO., LIMITED, OF EDINBURGH, SCOTLAND, v. HOGAN.

### No. 8825.

Court of Civil Appeals of Texas. Austin.

Nov. 15, 1939.

Rehearing Denied Dec. 20, 1939.

Bryan & Bryan, of Houston, for appellant.

J. E. Shropshire, of Brady, for appellee.

McCLENDON, Chief Justice.

Suit upon a policy insuring appellee's dwelling house and two 55-gallon metal water tanks adjoining it for $1500 and contents of the house (furniture, etc.) for $250, against loss by fire. The appeal is by the Insurance Company (Century Insurance Company, Ltd., of Edinburgh, Scotland) from a judgment for $1500 against it upon a directed verdict.

Appellant urges four propositions:

1. The only evidence of total loss of the building and tanks was that of appellee, and was not conclusive, though uncontradicted, because he was an interested witness.

2. There was no pleading or proof that the fire was not caused by an excepted risk.

3. No proof of loss was made and appellee refused to submit to an examination under, oath, as required in the policy.

4. There was no proof that appellant executed the policy.

The building was a one story, shingle roof, frame dwelling, California bungalow style. The premises were inspected by a representative of appellant before the policy was issued, and again after the fire. According to appellee's testimony, which was the only evidence upon the subject, the building and tanks were a total loss. Nothing remained of the building but some stone piers. The tanks were unsoldered and burned, and were of no further use. If this testimony be taken as true, a directed verdict was proper under the holding in Assurance Co. v. Continental Ass'n, Tex.Civ.App., 8 S.W.2d 787, 789, error refused. The following quotation from the opinion shows that that case was practically on all fours with this: "Plaintiff had shown, at least prima facie, that the building was a total loss within the meaning of the statute, and, as the case stood, was clearly entitled to prevail on that issue. The matter sought to be presented by the requested issue, was purely defensive, and the burden was upon appellants to support the same with evidence. No attempt was made by them to prove the salvage value of the remains of the burned structure, nor did they develop any fact or facts from which a conclusion could be drawn that a reasonably prudent owner, uninsured, would have used the remains of the building as a basis for a new building, unless it can be said that the testimony of Mr. Johnson, the owner, presented the issue. After Mr. Johnson described the ruins, which in our opinion revealed a total loss of the structure within the meaning of the law, referring to the brick piers left in the foundation, said they were 'sufficient, I suppose, to hold up a house 60x80.' No attempt was made to show the value of the piers left in the foundation, nor the relation they bore to the entire structure, nor what it would cost to recondition them for use in a new structure. We are of the opinion, therefore, that the court erred neither in refusing the special charge, nor in directing a verdict for appellees."

We do not gather from appellant's brief that it controverts the conclusive effect of appellee's testimony, if it be accepted as true. Its sole complaint is that since the evidence came from appellee alone it could not be accepted as conclusive on account of appellee's interest in the case. It is not necessary to cite authority supporting the invoked rule. A well recognized exception, within which the instant controversy falls, is thus stated in Luling Oil & Gas Co. v. Edwards, Tex.Civ.App., 32 S.W.2d 921, 926, error dismissed: "The rule that the uncorroborated testimony of interested witnesses, although not controverted, does not conclusively establish a fact, is not applicable where the nature of the testimony is such that it might readily be discredited, if it were not true, and the adverse party offers no disparaging proof whatever."

Nothing could be more open to observation than the scene of a burned building. Nothing affecting the issue of total loss was attempted to be concealed or could have been concealed. If appellee's testimony on this issue was not true, it could readily have been disproved or discredited. Appellant's failure to offer any disparaging testimony is conclusive that it could not be refuted. Appellant's representative inspected the property shortly after the fire. He testified in behalf of appellant on other points, but did not contradict any statement of appellee on this subject.

Upon the second proposition: The policy was what is known as a "Texas Standard Combined Fire and Windstorm Farm Policy," and appears to be upon the same form, at least as to the fire provisions, as those in Georgia Home Ins. Co. v. Trice, Tex.Civ.App., 70 S.W.2d 356, and American Ins. Co. v. Maddox, Tex.Civ. App., 60 S.W.2d 1074, error refused. It insured "against all direct loss or damage by fire * * * except as hereinafter provided," and had the identical exception provisions as those in the Maddox case quoted on page 1076, col. 2, 60 S.W.2d. The policy was attached as an exhibit to the petition, which latter did not negative the excepted risks. A general demurrer to the petition was overruled. The case therefore is on all fours with the Trice and Maddox cases, the holding in each of which to the effect that the general demurrer was improperly overruled was expressly approved in the recent case of International Travelers Ass'n v. Marshall, 131 Tex. 258, 114 S.W.2d 851. In sustaining this particular ground of error, the writer adopts as his own the following quotation from the opinion by the late

distinguished Chief Justice Hall, in Travelers Ins. Co. v. Barker, Tex.Civ.App., 96 S.W.2d 559, 563: "So many cases have announced the rule that we are compelled to apply the doctrine in disposing of this appeal, a course which this writer reluctantly adopts."

 As regards the proof: The evidence showed that the fire occurred about 1:30 a. m. while appellee and his wife were asleep. They were awakened by the smoke and only succeeded in saving a few of their household effects. What caused the fire no one knew. Appellee's only surmise was that it might have been caused by a rat taking a match into the attic. The record does not suggest any other proof that could have been offered upon the subject. Our attention is not directed to any evidence which would support a finding that the origin of the fire was attributable to any risk excepted from the policy; and we have found none. We hold, therefore, the evidence conclusively established that the policy covered the particular risk involved.

· Upon the third proposition, relative to proof of loss and submission to examination under oath, the record facts are: The fire occurred on October 20, 1937, and appellant's local agent was promptly notified. October 27, 1937, Doss, who testified that he was a "special agent" of appellant, went to Brady (the property being situated near there) and obtained from appellee a "nonwaiver agreement." This was signed by appellee and "The Century Insurance Co., Ltd., of Edinburgh, Scotland, By C. E. Doss, Adjuster," and witnessed by appellant's local agent. It was executed in duplicate and introduced in evidence by appellant. On the same day Doss obtained from appellee a sworn statement regarding the fire, the loss thereby, the property, its acquisition, ownership, etc. This statement was prepared by Doss from facts given him by appellee in response to questions propounded by Doss. The statement covers 2½ typewritten pages, and, so far as we can see, covers about everything which the policy required to be stated in a "proof of loss."

December 18, 1937, Chilton Bryan, one of appellant's attorneys of record, went to Brady and demanded of appellee an examination under oath, to which appellee submitted. The examination was had in the evening, beginning about 8 o'clock, before a notary who was a stenographer, and who transcribed her notes the following day and submitted the transcription to appellee for his signature. This appellee declined to sign until he had consulted his attorney. He did so and later refused to sign. His reasons, given at the trial, were on account of the manner in which he was treated by Bryan during the examination, and the fact that the notary had not taken down all he had stated in the examination. The evidence was conflicting upon the first ground of refusal, and for that reason it may be discarded. The evidence conclusively shows, however, that the other ground of refusal was true. Both Bryan and the notary testified that appellee was very much excited and talked too fast for the notary (she was not a court reporter) to get all he said. The transcription in Q. and A. form covers 20½ pages of the statement of facts, and was introduced in evidence by appellant without objection after the notary had testified to its correctness.

December 16, 1937, appellee's attorneys addressed a letter to the Texas general agents of appellant advising that the policy had been placed in their hands for collection, and that:

"We understand from Mr. Hogan that proof of loss has heretofore been made and turned over to one of your agents, and that one or more other agents have interviewed him with reference to the fire in question. He claims that he has given all the material information in his possession with reference to the fire in question to your agents, and is still perfectly willing to be interviewed by any of your authorized agents at any reasonable time but insists that it be done in a reasonable manner. Will you please advise us what is your attitude relative to a prompt settlement of this claim in order that we may be governed accordingly.

"Thanking you for your prompt attention to this matter we are."

The only response to this letter was a letter from Bryan & Bryan, appellant's attorneys of record, dated January 5, 1938, reading:

"We have for acknowledgment a copy of a letter from Craven, Dargan & Company, enclosing a copy of your letter of December 16, 1937, for answering. ·

"In response to yours of the above date, we would advise that without waiver of any of our rights or privileges under the terms and conditions of the above policy and non-waiver agreement taken from F. F. Hogan, we have noted receipt of your letter of the above date, and have further noted from reading your letter that you failed to state in your letter what in your opinion you consider to be a prompt and reasonable settlement of the above matter."

January 7, 1938, appellee's attorneys wrote Bryan & Bryan a letter (not in evidence) and received the following reply, under date of January 27, 1938:

"We have for acknowledgment your letter of January 7, 1938, and wish to apologize for our delays in responding thereto, but would advise that the writer has been out of the city for some considerable time and has just now come to the point, since his return, that he can answer his mail.

"Responding to yours of the above date, and in line with the instructions of the Century Insurance Company, Ltd., of Edinburgh, Scotland, we are, as of the date of this letter, denying any liability whatsoever, under the terms and conditions of the above numbered and described policy, to F. F. Hogan, your client."

■ With reference to the question of proof of loss, we hold that: (1) the verified statement given Doss was full compliance with the policy requirement; and (2) the failure to request anything further in this regard after appellee's attorneys had on December 16, 1937, stated that they were advised by appellee that he had furnished proof of loss and stood ready to give any further material information regarding the fire upon request, and the subsequent denial of all liability under the policy constituted a waiver of any further compliance with this provision.

■ The only breach of the policy requirement that appellee submit to examination under oath, was his refusal to sign the notary's transcription. He had submitted to such examination and had answered every question put to him. He did not contend then nor on the trial that there was any inaccuracy in the transcription as far as it went. It was conceded that the notary did not get all appellee testified to, and that fact, we think, was sufficient to warrant his refusal to sign the transcription as presented to him. The evidence

obtained by appellant on this examination was manifestly all it desired from appellee, otherwise it would have directed attention to appellee's failure to sign the transcription in the reply of January 5, 1938, to the offer of December 16, 1937, by appellee's attorneys. We have carefully examined the transcription, and it differs in no material respect from the statements made in the proof of loss or in the testimony given by appellee on the stand. The unsigned transcription served every purpose which it could have served had it been signed; and was used in evidence by appellant. We hold that there was a substantial compliance with this provision of the policy and further compliance was waived.

■ We overrule the fourth proposition on two grounds: (1) There was no plea of non est factum, verified as required by R.C.S. Art. 2010, Sub. 8; and (2) appellant itself proved the execution of the policy.

Appellant contends that there was a verified plea of non est factum because its answer contained a general denial and was verified. The affidavit reads: "Before me, the undersigned authority, on this day personally appeared Chilton Bryan, a person to me well known and above the age of twenty-one years, and after being duly sworn on his oath, says that he is one of the duly authorized attorneys of record in the above entitled and numbered cause for the Century Insurance Company, Ltd., of Edinburgh, Scotland, and that he has fully investigated the facts and circumstances surrounding the claim and/or claims of F. F. Hogan under his Texas Standard Combined Fire and Windstorm Farm Policy, No. 32847, and he has also investigated the right of the said F. F. Hogan to recover under and by virtue of the above numbered and described policy and has investigated all other facts and circumstances surrounding this matter and has read the foregoing First Amended Original Answer of Century Insurance Company, Ltd., of Edinburgh, Scotland, to be used in the above entitled and numbered cause and says that the allegations and statements of facts therein contained are true according to his best information and belief, which information and belief he believes to be verily true and correct."

■ This affidavit, instead of denying, seems rather to admit the execution of the policy. However, in order to put in is-

sue the execution by it or by its authority of an instrument "upon which a pleading is founded," the defendant is required to deny such execution or authority under oath. This means a specific, categorical denial, usually referred to as a plea of non est factum. A general denial is not such plea. Moreover, the affidavit was merely upon information and belief, which is not sufficient.

■ That appellant itself proved the execution of the policy appears from the following: As already shown, Mr. Bryan, the above affiant and the attorney of record of appellant who actually tried the case in the court below, went to Brady and conducted an examination of appellee. The transcription of this testimony was put in evidence by appellant. Preliminary to the examination Mr. Bryan dictated to the notary the following:

"This examination is taken pursuant to request of Chilton Bryan for the Century Insurance Company, Limited, Edinburgh, Scotland, in accordance with, under and by virtue of the provisions of the Century Insurance Company, Limited, Farm Policy No. 32847.

"By taking of this examination it is not intended that same shall operate as or be considered as a waiver of any requirement of the above numbered policy and/or compliance upon the part of assured with any and all terms and conditions and provisions of the above named and numbered policy contract nor shall the taking of this examination be considered as, nor is it intended as an admission or denial of liability on the part of the company named above, nor shall the taking of same be considered or intended as a waiver by the named company above of any forfeiture thereof, if any such exists, nor shall the taking of this examination operate as or be considered as a waiver of any rights of the assured, same being taken solely in pursuance of the express provisions and conditions relating to the taking of sworn examination contained in the above named policy."

Mr. Bryan and the notary testified on behalf of appellant that this statement was so dictated by Mr. Bryan. Further admission of the execution of the policy is shown in the letters of Bryan & Bryan to appellee's attorneys, dated January 5th and 27th, respectively, 1938, which were introduced by appellant, and which Mr. Bryan testified he dictated. In a plea in abatement predicated upon appellee's refusal to sign the notary's transcription of his examination, appellant alleged that appellee was suing appellant upon a "Texas Standard Combined Fire and Windstorm Policy No. 32847, in regard to an alleged loss on October 20, 1937." Then follows a quotation from the policy providing for the examination under oath, and allegations to the effect that appellee had refused to sign the transcription, "all" the pleading alleges "in violation of the terms and conditions of *defendant's said policy with plaintiff* herein." (Italics supplied.) This plea was verified by Chilton Bryan. Doss, a witness for appellant, testified that he was commissioned by appellant to make a preliminary report of the loss; that he went to Brady, got from the local agent, Bradham, "the file that showed the number of the policy, etc."; and obtained from appellee the non-waiver agreement and statement above referred to. This statement describes the policy by number.

The above clearly was tantamount to an admission and proof of the execution of the policy by appellant. Moreover, in view of Mr. Clinton Bryan's above testimony, we do not believe he would now seriously contend or admit that in his above affidavit to appellant's answer he had any purpose or intention of swearing even upon information and belief, that his client, the appellant, had not executed the policy in suit.

■ Appellee has cross-assigned error upon refusal of the trial court to instruct the jury to find in his favor for $250 for destruction of the household goods and furniture, or refusal "to permit the jury to pass upon the destruction and value of said goods and furniture." There was no error in refusing a directed verdict on this issue for $250; but the issue of the items destroyed and their value should have been submitted. Proof as to these rested upon the testimony of appellee alone; which testimony, unlike that with reference to total loss of the building and tanks, falls within the rule above invoked by appellant.

The trial court's judgment is reversed and the cause remanded.

Reversed and remanded.