**SHELTER INSURANCE COMPANIES, Plaintiff-Appellant,**

v.

**Archie SPENCE and wife, Jane Spence, Defendants-Appellees.**

Court of Appeals of Tennessee, Western Section, at Jackson.

May 2, 1983.

Application for Permission to Appeal Denied by Supreme Court July 25, 1983.

William C. Bell, Jr., Menzies, Rainey, Kizer & Alderson, Jackson, for plaintiff-appellant.

Charles L. Hicks, Camden, for defendants-appellees.

TOMLIN, Judge.

The plaintiff-insurer filed a declaratory judgment action in the Chancery Court of Benton County in connection with a fire loss under a homeowners policy of insurance, whereby plaintiff sought a determination as to whether the two defendants—the insured under the policy—should be required to give separate sworn statements, taken under the cooperation clause, apart from, and not in the presence of, each other. The chancellor held that if the plaintiff desired to take the insureds' statements, it should take their statements in the presence of each other. We are of the opinion that he was in error, and reverse the chancellor's ruling.

The material facts are not in controversy. The plaintiff issued a homeowners policy of insurance to the insureds, who, at the time of issuance, were husband and wife, for the period March 10, 1981, through March 10, 1982. The policy provided fire insurance, among other coverage, for the premises owned and occupied by the insureds, located in Benton County. On or about February 18, 1982, the insured premises were destroyed by fire. At the time of the loss, the defendants were married, but living apart, and were in the process of obtaining a divorce, which they did on May 20, 1982.

The first sworn proof of loss, signed by the defendants under date March 15, 1982, was rejected by the plaintiff in writing. The defendants filed a second proof of loss, executed by them on April 6, 1982. Subsequent to its receipt, the plaintiff, through one of its representatives, scheduled an examination of the defendants at the Benton County Courthouse, for the purpose of taking sworn statements. This action was taken in accordance with the following provision of its homeowners policy:

The insured, as often as may be reasonably required, shall exhibit to any person designated by this Company all that remains of any property herein described, and submit to examinations under oath by any person named by this Company, and subscribe the same . . . .

When it was made known to the defendants that the plaintiff's representative intended to take the sworn statement of each defendant separately, they refused to comply, stating that they would give their statements only in the presence of each other. No statements were taken. This action followed.

The right of the insurer to take and the obligation of the insureds to give sworn statements in accordance with the terms of the policy is not questioned. Fire policies such as the one in question almost universally require that the insured cooperate with the insurer in the investigation of the fire as a condition precedent to performance by the company to indemnify the insured for his loss.

As was stated in the recent case of *Dyno-Bite, Inc. v. The Travelers Companies,* 80 A.D.2d 471, 439 N.Y.S.2d 558, 560 (N.Y.App. Div.1981):

> The reason for including a cooperation clause in the policy and for conducting examinations pursuant to it is obvious enough. The company is entitled to obtain, promptly and while the information is still fresh, "all knowledge, and all information as to other sources and means of knowledge, in regard to the facts, material to their rights to enable them to decide upon their obligations, and to protect them against false claims. And every interrogatory that [is] relevant and pertinent in such an examination [is] material, in the sense that a true answer to it [is] of the substance of the obligation of the assured" (*Claflin v. Commonwealth Insurance Co.,* 110 U.S. 81, 94–95, 3 S.Ct. 507, 514–515, 28 L.Ed. 76 . . . ).

Manifestly, the obtaining of true and accurate information about the type and extent of damage to the insured premises and its contents is relevant and material. Counsel for all parties concede that the determination of the true facts is the principal purpose of the taking of such sworn statements. The plaintiff argues that allowing the insureds to give their statements in the presence of each other could lend to collusion and fraud, which could harm the plaintiff by preventing it from obtaining the true facts. Without in any way implying that fraud is in any way involved in this controversy, more accurate factual statements could likely be taken in any set of circumstances where multiple parties are involved, if such statements were taken separately.

The defendants contend that since the cooperation clause in the insurance contract does not provide for the taking of separate statements, the law of this state governs, and that law to be applied is three rules of the Tennessee Rules of Civil Procedure that pertain to the taking of depositions. Specifically, defendants invoke Rule 26, which relates to various discovery procedures, and Rule 27, which sets forth statutory procedures for the taking of depositions before an action or pending appeal. However, the taking of a statement under the cooperation clause in an insurance policy does not rise to the dignity of taking a deposition under either Rule 26 or 27 T.R.C.P. We agree with the following statement in *Dyno-Bite,* 439 N.Y.S.2d at 560:

> The right to examine under the cooperation clause of the insurance policy, however, is much broader than the right of discovery under the CPLR.

Where there are multiple insureds, such as the case here, whether they be husband and wife or ex-husband and wife, or related not at all, we hold that under the cooperation clause of insurance policies such as the one here involved, the insurer, through a designated representative, may take a sworn statement from each insured privately. Under the additional safeguards that we propose to lay down, we do not feel that this holding will in any way infringe upon the rights of the insureds. The plaintiff must give the defendants a reasonable notice in writing, stating a definite time and place in the county of the insured's residence, where the examination is to be held, and it must designate a representative before whom the examination is to be taken. Each insured may have his or her attorney present at the time of the examination, but the attorney cannot take part in

the examination. *See Gordon v. St. Paul Fire & Marine Insurance Company*, 197 Mich. 226, 163 N.W. 956 (1917); *Hart v. Mechanics & Traders Insurance Company, et al.*, 46 F.Supp. 166 (D.C.W.D.La.1942). After the examination is completed, the original and a copy is to be submitted to the insured for his signature. A copy of the statement taken is also to be furnished to the insured. *See Hart v. Mechanics & Traders Insurance Company, Id.* at 169.

The decree of the chancellor is reversed. Costs in this cause are taxed to the defendants, for which execution may issue, if necessary.

NEARN, P.J. (W.S.), and HIGHERS, J., concur.