Parvin Amir **AHMADI**, Mehrdad Akbarzadeh, and Parisa Akbarzadeh, Plaintiffs–Appellants,

v.

**ALLSTATE INSURANCE COMPANY,**
Defendant–Appellee.

No. 00CA0516.

Colorado Court of Appeals,
Div. IV.

March 15, 2001.

Ralph B. Rhodes, Denver, CO, for Plaintiffs–Appellants.

Levy & Lambdin, P.C., Marc R. Levy, Stuart D. Morse, Jane E. Young, Englewood, CO, for Defendant–Appellee.

Opinion by Judge KAPELKE.

In this action for declaratory relief arising from claims under an automobile insurance policy, plaintiffs, Parvin Amir Ahmadi (named insured), Mehrdad Akbarzadeh, and Parisa Akbarzadeh (collectively claimants), appeal the summary judgment entered in favor of defendant, Allstate Insurance Company (Allstate). We reverse and remand with directions.

The parties stipulated to the following facts. Claimants allege that they were injured in an automobile accident when they were run off the road by an unidentified truck. At the time, they were passengers in a car insured by Allstate. As a result of that incident, claimants asserted claims under the policy for personal injury protection benefits and uninsured motorist benefits.

Allstate requested that claimants submit to examinations under oath pursuant to the terms of the insurance policy. The policy provided in pertinent part:

Assistance and Cooperation

When we ask, an insured person must cooperate with us in the investigation, settlement and defense of any claim or lawsuit. If we ask, that person must also help us obtain payment from anyone else who may be jointly responsible.

. . . .

Proof of Claim; Medical Report .

As soon as possible, any person making a claim must give us written proof of claim. It must include all details we may need to determine the amounts payable. We may also require any person making claim to submit to questioning under oath and sign the transcript.

Claimants appeared for the examination with their counsel. Because claimants had indicated that their native language was Farsi, Allstate had arranged for an interpreter.

The named insured is only "marginally functional" in English, one of the other claimants is fluent in English, and the other has a "limited understanding" of English.

Allstate demanded that each of the claimants be examined separately, outside the presence of the others. Claimants' counsel objected and insisted that each claimant be present during the examinations. Claimants' counsel stated that he did not speak Farsi and thus needed the assistance of the claimants. Counsel for Allstate would not agree to have the other claimants present. As a result, the examinations were not conducted. Thereafter, Allstate denied claimants' claims on the basis that claimants "had failed to comply with the requirements to submit to reasonably requested examinations under oath and to cooperate in the investigation" of their claims.

Claimants filed this action seeking a determination: 1) that Allstate was without legal justification in requiring separate examinations of claimants; and 2) that Allstate's denial of their claims was unreasonable. They further sought an award of benefits under the policy.

Both Allstate and claimants filed motions for summary judgment based on the stipulated facts. In granting Allstate's motion and dismissing the action, the trial court found that Allstate "did not transmogrify the meaning of the requirement of cooperation by requiring [claimants] to submit to examination by oral deposition without the other [claimants] being present at the same time, under the stipulated circumstances." This appeal followed.

Claimants contend that the trial court erred in granting summary judgment for Allstate and argue that their failure to submit to individual examinations under oath outside one another's presence did not constitute a breach of the insurance policy justifying Allstate's denial of their claims. We agree.

■ Summary judgment is a drastic remedy and is warranted only upon a clear showing that there exists no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party bears the burden of estab-

lishing the lack of a triable factual issue, and any doubts as to the existence of such an issue must be resolved against the moving party. Furthermore, the party opposing the summary judgment is entitled to the benefit of all favorable inferences that may be drawn from the facts. *Churchey v. Adolph Coors Co.*, 759 P.2d 1336 (Colo.1988).

■ An appellate court's review of a grant of summary judgment is *de novo*. *Aspen Wilderness Workshop, Inc. v. Colorado Water Conservation Board*, 901 P.2d 1251 (Colo. 1995).

■ At the outset, we reject claimants' contention that the rules of civil procedure governing the taking of depositions apply to examinations under oath conducted by an insurance company in investigating claims. Such examinations are governed by the terms of the insurance policy, not by the rules of civil procedure. *See United States Fidelity & Guaranty Co. v. Welch*, 854 F.2d 459 (11th Cir.1988).

■ Allstate's denial of coverage here was based on asserted breaches by claimants of two policy provisions: 1) the requirement that a claimant "submit to questioning under oath and sign the transcript," and 2) the requirement that the insureds cooperate in the investigation of any claim.

As to the first provision, we note that it does not mandate that the examination to which a claimant must submit shall be held outside the presence of other claimants. Nor does any other policy provision impose such a condition.

■ In the absence of any ambiguity, we must give effect to the plain meaning of the policy terms. *See Terranova v. State Farm Mutual Automobile Insurance Co.*, 800 P.2d 58 (Colo.1990). Further, we are not at liberty to rewrite the policy. *Emenyonu v. State Farm Fire & Casualty Co.*, 885 P.2d 320 (Colo.App.1994).

Had Allstate desired to impose such a condition, it could have done so by an express term in the policy. *Cf. Goldman v. State Farm Fire General Insurance Co.*, 660 So.2d 300 (Fla.Dist.Ct.App.1995)(addressing a policy provision requiring insureds to submit to

examinations under oath held outside the presence of any other insured).

Accordingly, we reject Allstate's argument that the provision for examination under oath here justifies denial of benefits by reason of a claimant's refusal to be examined outside the presence of the other claimants.

■ We also reject Allstate's contention that claimants' refusal to accede to the sequestration demand constituted a violation of the cooperation clause of the policy and, therefore, a contract breach warranting denial of benefits.

■ "Non-cooperation constitutes breach only if material and substantial disadvantage to the insurer is proved." *Hansen v. Barmore*, 779 P.2d 1360, 1364 (Colo.App.1989); *see also Brooks v. Haggard*, 481 P.2d 131 (Colo.App.1970)(not selected for official publication).

■ Right to recovery under the policy may be forfeited only when, in violation of a policy provision, the insured fails to cooperate with the insurer in some material and substantial respect. *Farmers Automobile Inter–Insurance Exchange v. Konugres*, 119 Colo. 268, 202 P.2d 959 (1949); *Hansen v. Barmore, supra.*

There are no reported Colorado decisions addressing whether a claimant's refusal to submit to an examination under oath outside the presence of other claimants would constitute a breach of a general cooperation clause such as that contained in Allstate's policy here.

There is a split in the authorities from other jurisdictions on the question of whether an insurer can properly require the insureds to submit to separate examinations under oath.

In *State Farm Fire & Casualty Co. v. Tan*, 691 F.Supp. 1271 (S.D.Cal.1988); and *Shelter Insurance Cos. v. Spence*, 656 S.W.2d 36 (Tenn.Ct.App.1983), the respective insurers filed declaratory judgment actions seeking determinations that they could require their insureds, pursuant to the policies' cooperation clauses, to submit to examinations under oath outside the presence of the other insureds. The courts in both cases concluded that the insurers were entitled to conduct such separate examinations. In their opinions, both courts observed that the sequestration procedure would lead to more accurate information and would discourage or prevent fraudulent claims.

We note that, unlike Allstate here, neither of the insurers in those cases had denied coverage based on the insureds' refusal to submit to separate examination outside one another's presence. Instead, the insurers had merely sought court guidance, through the declaratory relief actions, as to their right to require such examinations.

In *United States Fidelity & Guaranty Co. v. Welch, supra; United States Fidelity & Guaranty Co. v. Hill*, 722 S.W.2d 609 (Mo.Ct. App.1986); and *Georgian House of Interiors, Inc. v. Glens Falls Insurance Co.*, 21 Wash.2d 470, 151 P.2d 598 (1944), the courts held that the respective insurers had no right to require separate examinations over the objections of the insureds. In each of these cases, the court emphasized that the policies did not impose such an obligation on the insureds.

As the Eleventh Circuit Court of Appeals stated in *United States Fidelity & Guaranty Co. v. Welch, supra*, 854 F.2d at 461:

> [The insurer] would have received such answers, in complete compliance with the co-operation clause, if it had not insisted upon receiving more than it was entitled to under the clause. Hence, there was no breach of the clause on the part of [the insureds], since they were ready and willing to comply with the cooperation clause, and their failure to give, sign, and swear to the answers was due to [the insurer's] insistence upon an additional demand, not found in or founded upon the policy terms.

In reaching the same conclusion as the *Welch* court, the Missouri Court of Appeals in *United States Fidelity & Guaranty Co. v. Hill, supra*, criticized the contrary holding in *Shelter Insurance Cos. v. Spence, supra*, on the basis that the court there had rewritten the policy.

■ We agree with those courts that have concluded that, in the absence of an

express provision, an insurer cannot deny coverage where the claimant stands ready to submit to an examination under oath but declines to do so outside the presence of the other claimants.

Because the policy here contains a requirement for an examination under oath, but does not impose an additional requirement that the examination be held separately and without any other claimants being present, we conclude that the trial court erred in holding that the claimants had breached the cooperation clause.

In asserting that it had the right to deny coverage based on claimants' refusal to submit to separate examinations, Allstate relies on *Hansen v. State Farm Mutual Automobile Insurance Co.*, 936 P.2d 584 (Colo.App. 1996), *rev'd on other grounds*, 957 P.2d 1380 (Colo.1998). We find *Hansen* inapplicable.

In *Hansen*, the insurer requested that the insured be examined by physicians pursuant to a policy provision imposing such an obligation. Without giving any reason, the insured's counsel refused to allow the insured to be examined by an orthopedic surgeon without counsel's nurse-paralegal being present to observe and take notes. The physician refused to permit the paralegal to attend. Later, the insured refused to appear for an examination by a psychiatrist because the insurer had not previously provided the psychiatrist's curriculum vitae. On a third occasion, the insured's counsel refused to allow the insured to submit to an examination by an orthopedic physician unless he was board certified, and unless he officed in the community where the insured resided and allowed the observer to be present. Based on the insured's refusal to submit to the physical examinations unless these various conditions were met, the insurer denied coverage.

The issue on appeal in *Hansen*, however, was whether the trial court had given a proper jury instruction concerning the reasonableness of the insured's conditions and the insurer's selection of examining physicians. The division of this court found that the jury had not been properly instructed. In reversing the division's ruling, the supreme court addressed only that issue, find-

ing that any instructional error had been invited.

The division of this court in *Hansen* did note in its opinion that an insured or claimant does not have the right unilaterally or unreasonably to impose conditions on his or her submission to a reasonably requested independent medical examination.

Here, unlike in *Hansen*, it was the insurer, Allstate, that unilaterally imposed the condition that the claimants be examined under oath outside one another's presence—a condition not authorized by the policy. Further, unlike in *Hansen*, claimants' counsel explained why the attendance of the other claimants was necessary, namely, because of the language barrier and counsel's inability to gauge the accuracy of the interpreter's translation of the questions and answers. We thus reject Allstate's contention that the division's analysis in *Hansen* would compel a holding in favor of Allstate here.

We thus conclude that the trial court erred in entering summary judgment for Allstate.

The judgment is reversed, and the cause is remanded to the trial court for further proceedings on claimants' claims for personal injury protection benefits and uninsured motorist benefits under the policy.

DAVIDSON and RULAND, JJ., concur.