RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name:  14a0037p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT
_____

AMELIA DAVIS LESTER,

        *Plaintiff-Appellant,*

    *v.*

ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY,

        *Defendant-Appellee.*

No. 13-6070

Appeal from the United States District Court
for the Eastern District of Tennessee at Knoxville.
No. 3:12-cv-00299—Tena Campbell, District Judge.

Decided and Filed:  February 24, 2014

Before:  MERRITT, SUTTON and GRIFFIN, Circuit Judges.

_____

## COUNSEL

_____

**ON BRIEF:** David H. Dunaway, DAVID H. DUNAWAY & ASSOCIATES, LaFollette, Tennessee, for Appellant. J. Chad Hogue, BAKER, KINSMAN, HOLLIS, CLELLAND & HOGUE, P.C., Hixson, Tennessee, for Appellee.

_____

## OPINION

_____

SUTTON, Circuit Judge.  After a fire damaged her house in 2012, Amelia Lester filed a claim with Allstate, her insurance company.  In investigating the fire, the company asked Lester and her husband to answer questions about the claim under oath. Lester responded that she and her husband would submit to examinations only if Allstate first showed them its investigative files.  Allstate refused to turn over the files, explaining that doing so "could jeopardize the integrity" of its inquiry.  R. 6-1 at 16. After two months of back and forth, the company gave Lester ten days to schedule an

1

examination.  It warned her that, if she did not submit to an examination, the company would deny the claim.

Lester never responded to Allstate's last letter, at least not directly.  She sued the company, seeking payment of her claim.  The district court granted summary judgment to Allstate.

The terms of the insurance policy and the laws of Tennessee govern this dispute. The policy requires Lester to "submit to examinations under oath" at Allstate's request. R. 1-1 at 26.  It adds that Allstate has "no duty to provide coverage" if she "fail[s] to comply" with this rule (or several others) if "the failure to comply is prejudicial to [Allstate]."  *Id.*  Tennessee law confirms that an insurance company may deny a claim when the policyholder refuses to participate in an examination under oath.  *Spears v. Tenn. Farmers Mut. Ins. Co.*, 300 S.W.3d 671, 680 (Tenn. Ct. App. 2009).  Taken together, the words of the policy and the law of Tennessee resolve this case.  Because Lester refused to submit to an examination, Allstate had no obligation to pay the claim.

Lester proposes another way of looking at it.  Even if the terms of the policy do not give her the right to see the files, she claims that Allstate's implied duty of good faith does.  In one sense, she is right.  Tennessee law reads a duty of good faith into every contract, requiring each party to honor the parties' "reasonable contractual expectations."  *Dick Broadcasting Co. v. Oak Ridge FM, Inc.*, 395 S.W.3d 653, 666 (Tenn. 2013).  But the application of these principles to this contract does not supply Lester with the traction she needs.  Why is it reasonable to expect an insurance company to share its investigative files with a policyholder *before* examining her?  The point of an examination is to allow insurance companies to sort out fraudulent claims from honest ones, exorbitant claims from accurate ones.  Telling the policyholder what the investigation has already uncovered undermines that purpose, as it would allow the policyholder to tailor her answers to the facts already discovered by the company. Suppose the insurance investigator suspects arson.  And suppose his investigation uncovered a potential source of the arson or disclosed that the policyholder had moved some items out of the house shortly before the fire.  That is useful information,

particularly for a policyholder suspected of fraud. Alerted to these suspicions, the policyholder could shape her answers accordingly. The investigation files of an insurance company are not the investigation files of a police department. And a claim for insurance coverage is not a *Brady* claim. *See Brady v. Maryland*, 373 U.S. 83 (1963).

*Shelter Insurance Cos. v. Spence* confirms as much. 656 S.W.2d 36 (Tenn. Ct. App. 1983). It holds that, in order to avoid collusion, an insurance company may require a husband and a wife to participate in *separate* examinations about a claim for coverage. *Id.* at 38. If avoiding fraud justifies preventing a policyholder from learning what her husband has said in his examination, so too does it justify preventing a policyholder from learning what the company has already uncovered in the investigation.

Lester adds that Allstate must pay her even if she had an obligation to attend an examination, because she never refused to carry out this duty. That is a stretch. When Allstate asked to examine Lester, her lawyer responded by asking the company to share its files. After the company declined to turn over the files and repeated its demand for an examination, Lester's lawyer replied that he would allow a statement under oath "provided that the investigative material . . . [is turned over] well in advance." R. 6-1 at 14. The company once again refused to turn over its files and once again insisted on an examination, this time giving Lester ten days to schedule it and warning her that if she did not do so the company would deny her claim. Lester responded to this letter not by scheduling an examination but by suing the company. As these uncontradicted facts confirm, Lester refused to participate in an examination, even after she knew that the company insisted on keeping its investigative files private.

Lester's response to all of this—that Allstate could deny her claim only after scheduling an examination where she failed to show up—is long on formalism and short on merit. Why would Allstate schedule an examination when Lester said she would not participate unless given the files first? After the initial resistance to participating in the examination, Allstate reasonably gave *Lester* ten days to schedule an examination.

Lester never did so and, consistent with the terms of the policy and Tennessee law, Allstate denied the claim.  Lester had no right to insist on anything more.

One last try:  Lester persists that Allstate must pay her claim because her failure to submit to an examination did not harm the company.  The insurance policy, Lester correctly observes,  permits Allstate to deny coverage if her failure to cooperate with the investigation "is prejudicial to" the company.  R. 1-1 at 26.  But Tennessee presumes that a failure to participate in an examination results in prejudice to the insurance company, and makes it the policyholder's burden to demonstrate that the company suffered no harm.  *Talley v. State Farm Fire & Cas. Co.*, 223 F.3d 323, 328 (6th Cir. 2000).  Lester never introduced any evidence to rebut the presumption.  That entitles Allstate to summary judgment in its favor.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325–27 (1986).

For these reasons, we affirm.