IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 1, 2014 Session

## FARMERS MUTUAL OF TENNESSEE v. JENNIFER ATKINS

**Appeal from the Chancery Court for Monroe County**
**No. 16344    Jerri S. Bryant, Chancellor**

---

**No. E2014-00554-COA-R3-CV-FILED-DECEMBER 15, 2014**

---

The trial court granted summary judgment to the insurance company on the issue of whether the insured's failure to submit to an Examination Under Oath precluded her recovery. Because material factual disputes exist, we reverse.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed and Remanded**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the Court, in which D. MICHAEL SWINEY, J., and KENNY ARMSTRONG, J., joined.

Chad D. Wilson, Knoxville and Peter Alliman, Madisonville, Tennessee, for the appellant, Jennifer Atkins.

Christopher D. Heagerty and Lisa J. Hall, Knoxville, Tennessee, for the appellee, Farmers Mutual of Tennessee.

### OPINION

### Background

This is the second appeal in this case. *See* ***Farmers Mut. of Tennessee v. Atkins***, No. E2011-01903-COA-R9-CV, 2012 WL 982998 (Tenn. Ct. App. March 21, 2012) (hereinafter "***Atkins I***"). Accordingly, many of the facts involving this appeal are taken from our prior Opinion. According to *Atkins I*:

On July 26, 2008, Defendant/Appell[ant] Jennifer Atkins' residence was destroyed by a fire. Ms. Atkins' home was covered under a homeowner's insurance policy issued by Plaintiff/Appell[ee] Farmers Mutual of Tennessee ("Farmers Mutual"). It is undisputed that the insurance policy agreed to by Ms. Atkins contains the following provisions:

WHAT YOU MUST DO IN CASE OF LOSS

* * *

2. Cooperation—The insured must cooperate with us in performing all acts required by this policy;

* * *

b. At our request, the insured must also:

* * *

(2) submit to examination under oath in matters connected with the loss or claim as often as we reasonably request; . . . .

*Atkins I*, 2012 WL 982998, at *1. This requirement is generally referred to as an "Examination Under Oath." Further, the insurance policy states that: "No suit to recover for any property claim may be brought against us unless: . . . the terms of this policy have been fully complied with . . . ." Finally, the insurance policy specifically requires that: "No suit to recover for any property claim may be brought against us unless . . . the suit is commenced within 1 year after the loss."

The Examination Under Oath requirement was directly at issue in both our prior Opinion and in this appeal:

On January 15, 2009, Farmers Mutual sent a Notice of Examination Under Oath to Ms. Atkins, stating that the examination was scheduled for January 30, 2009. Due to scheduling conflicts, the parties agreed to reschedule the examination for February 6, 2009. Although no explanation is contained in the record, it is undisputed that the examination did not occur on February 6, 2009. Instead, on February 13, 2009,

-2-

Ms. Atkins' counsel sent a letter to Farmers Mutual informing the insurance company that Ms. Atkins would not be pursuing her insurance claim as the result of criminal charges pending against her. The letter stated: "As you know, Ms. Jennifer Atkins has been indicted by the Monroe County Grand Jury of which said charges are pending at this time. Ms. Atkins will not pursue her claim at this time." According to the record, Ms. Atkins was indicted on December 2, 2008 on charges of arson, conspiracy and insurance fraud in connection with the fire that destroyed her residence.

On July 27, 2009, Ms. Atkins instituted an action against Farmers Mutual seeking to recover under the policy. The insurance company did not respond to the claim before it was voluntarily dismissed on August 4, 2009.[1] On August 14, 2009, Farmers Mutual filed a Complaint for Declaratory Judgment. The complaint sought a declaration that because Ms. Atkins failed to submit to an examination under oath, a condition precedent to recovery under the policy, she was thus barred from recovering under the policy. On October 15, 2009, Ms. Atkins filed a handwritten response to the complaint, stating: "I deny what is said in the complaint and I want my day in court."

On March 22, 2010, the criminal charges against Ms. Atkins were dismissed because the State determined that it did "not have sufficient evidence to proceed."

On June 10, 2010, Ms. Atkins' counsel filed a formal Answer to the complaint, denying the material allegations contained therein, and stating that Ms. Atkins "stands ready, willing, and able to perform all duties required of her under the contract of insurance." In addition to the Answer, Ms. Atkins also filed a Counterclaim against Farmers Mutual, seeking to recover under the policy.

---

[1] In its brief, Farmers Mutual asserts that Ms. Atkins' initial 2009 complaint was "subject to dismissal with prejudice." Regardless of whether the complaint was "subject to" a dismissal with prejudice, the record clearly indicates that Farmers Mutual did not file any motion seeking a dismissal with prejudice and that the complaint was voluntarily non-suited. Thus, the record clearly indicates that the initial complaint was dismissed without prejudice pursuant to Rule 41.01(1) of the Tennessee Rules of Civil Procedure ("[E]xcept when a motion for summary judgment made by an adverse party is pending, the plaintiff shall have the right to take a voluntary nonsuit to dismiss an action **without prejudice** . . . .") (emphasis added).

*Atkins I*, 2012 WL 982998, at \*1–\*2. Ms. Atkins' Counterclaim for recovery under the policy was filed within one year of the voluntary dismissal of her original claim. *See* Tenn. Code Ann. § 28-1-105(a) ("If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action, . . . the plaintiff . . . may . . . commence a new action within one (1) year after the reversal or arrest."). In addition, in her Counterclaim, Ms. Atkins stated that she "stands, ready, willing and able to perform all duties required of her under the contract of insurance and makes demand on [Farmers Mutual] to do likewise."

As our prior Opinion explained:

> On June 13, 2011, Farmers Mutual filed a Motion for Summary Judgment, stating:
>
>> [Ms. Atkins] has failed to cooperate with [Farmers Mutual] in its investigation of this claim in violation of the terms and conditions of the policy issued to the defendant. As such, the actions of the defendant constitute the failure to perform a condition precedent to accrual of this cause of action under the terms of the policy, and, therefore, the defendant has no present and subsisting right to bring this cause of action.
>
> Ms. Atkins responded in opposition to the motion on August 9, 2011, denying that she had ever failed to cooperate with Farmers Mutual. A hearing was held on August 17, 2011. At the conclusion of the hearing, the trial court took the matter under advisement. The following day, the trial court orally denied the motion.
> An order reflecting the denial was entered on August 31, 2011, which stated that the motion for summary judgment was denied due to the divergence of opinion regarding whether the failure to submit to an examination under oath constitutes the nonoccurrence of a condition precedent to recovery under the insurance policy. The trial court also stated that "the Court finds that there are disputed issues of material fact." The order further stated that, due to the divergence of opinion on the condition precedent issue, the trial court granted an interlocutory appeal on

-4-

that issue.

> Farmers Mutual filed a Tennessee Rule of Appellate Procedure 9 application for an interlocutory appeal to this Court on September 9, 2011, which was granted by our order of October 6, 2011.

*Atkins I*, 2012 WL 982998, at *2. Upon review of the issue certified for appeal, however, this Court concluded that the Rule 9 interlocutory appeal was improvidently granted and remanded back to the trial court for further proceedings. *See Atkins I*, 2012 WL 982998, at *4–*5. Specifically, this Court concluded that the trial court never made an initial determination as to "whether an insurance company must prove that it was prejudiced by the insured's failure to submit to an examination under oath." Because this Court's jurisdiction is appellate only, the Court concluded that it could not make the initial determination and remanded back to the trial court for further proceedings. *Id.* at *4.

After the case was remanded back to the trial court, the trial court entered an order, stating:

> After a review of the Briefs in the above matter, the court finds that it would be most appropriate to hear the factual issues in dispute before applying the law in this case. The Court must hear facts as to whether or not Ms. Atkins failed to cooperate and, if so, whether submitting to an [Examination Under Oath] is a condition precedent to recovery or whether the insurance company must prove prejudice.

Accordingly, a hearing was set for July 8, 2012, but was continued by agreement of the parties. Eventually the trial court conducted a hearing on May 2, 2013. In its written order entered on May 17, 2013, the trial court found that Ms. Atkins "did not refuse to cooperate in giving an examination under oath as requested by [Farmers Mutual]."

On August 9, 2013, Ms. Atkins filed a motion to dismiss Farmer's Mutual Complaint for a Declaratory Judgment, arguing that it was moot due to the trial court's finding that she did not refuse to cooperate in giving an Examination Under Oath. In response, on September 13, 2013, Farmers Mutual filed a motion to dismiss Ms. Atkins' Counterclaim, arguing that the "cause of action had not accrued at the time of her filing of the Counterclaim, insofar as she had failed to perform a condition precedent to filing suit, by failing to submit to an Examination Under Oath." Thereafter, Farmers Mutual also filed a motion for summary judgment, essentially raising the same argument as contained in its motion to dismiss. To support its motion, Farmers Mutual relied on the Tennessee Court of Appeals' decision in

***Spears v. Tennessee Farmers Mutual Insurance Co.***, 300 S.W.3d 671 (Tenn. Ct. App. 2009), which held that an insured's failure to substantially comply with an insurance policy requiring that the insured submit to an Examination Under Oath prior to filing suit serves as "a condition precedent to an insured's recovery under that policy." ***Id.*** at 681. Attached to its motion, Farmers Mutual also filed a Statement of Undisputed Facts. Relevant to this appeal, the Statement of Undisputed Facts asserted that Farmers Mutual "requested" that Ms. Atkins submit to an Examination Under Oath, and that she "has never submitted to an Examination Under Oath."

On November 1, 2013, the trial court entered an order dismissing Farmers Mutual's Complaint for a Declaratory Judgment with prejudice. Accordingly, only Ms. Atkins' Counterclaim remained pending.

On January 8, 2014, Ms. Atkins responded to Farmers Mutual's Motion for Summary Judgment, with a Counter-Statement of Facts. While Ms. Atkins did not specifically deny any of the facts alleged by Farmers Mutual, Ms. Atkins asserted that Farmers Mutual's Statement of Undisputed Facts "fail[ed] to adequately set out with sufficient specificity the factual scenario relevant to [Farmers Mutual's] most recent motion for summary judgment." In her response, Ms. Atkins alleged that although she had not submitted to an Examination Under Oath prior to filing her suit, that failure was not willful, nor did it prejudice Farmers Mutual, as required by the Sixth Circuit Court of Appeals in ***Talley v. State Farm Fire and Cas. Co.***, 223 F.3d 323 (6th Cir. 2000). Ms. Atkins also argued that any defense regarding Ms. Atkins' alleged failure to submit to an Examination Under Oath should be barred by waiver and/or the doctrine of equitable estoppel. As such, Ms. Atkins argued that numerous factual disputes precluded summary judgment.

The trial court entered an order granting summary judgment to Farmers Mutual on February 8, 2014. In its order, the trial court noted that Ms. Atkins did not deny any of the facts contained in Farmers Mutual's Statement of Undisputed Facts. Thus, the court ruled:

> The court will take the facts submitted in the Statement of Material Facts as true and, based upon those facts, the court finds that summary judgment is appropriate.
> The policy in this case had a condition precedent to filing the suit that required [Ms. Atkins] to submit to an examination under oath. [Ms. Atkins] filed suit prior to fulfilling this condition precedent. Because Defendant failed to fulfill her terms of the policy this case should be dismissed upon its merits.

The trial court did not expressly consider Ms. Atkins' arguments regarding waiver or

estoppel. Ms. Atkins filed a timely notice of appeal.

## Issues Presented

Ms. Atkins raises two issues in her brief, which we restate:

1. Did the trial court err in determining there were no disputes of material fact and the insurance company was entitled to a judgment as a matter of law.
2. Did the trial court properly apply Tennessee law to this adhesive, occurrence-based contract of insurance.

## Standard of Review

A trial court's decision to grant a motion for summary judgment presents a question of law. Our review is therefore de novo with no presumption of correctness afforded to the trial court's determination. *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997). This Court must make a fresh determination that the requirements of Tenn. R. Civ. P. 56 have been satisfied. *Abshure v. Methodist Healthcare-Memphis Hosps.*, 325 S.W.3d 98, 103 (Tenn. 2010).

When a motion for summary judgment is made, the moving party has the burden of showing that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Tenn. R. Civ. P. 56.04. The moving party may accomplish this by either: (1) affirmatively negating an essential element of the non-moving party's claim; or (2) showing that the non-moving party will not be able to prove an essential element at trial. *Hannan v. Alltel Publ'g Co*., 270 S.W.3d 1, 8–9 (Tenn. 2008).[2] However, "[i]t is not enough for the moving party to challenge the nonmoving party to 'put up or shut up' or even to cast doubt on a party's ability to prove an element at trial." *Id*. at 8. If the moving party's motion is properly supported, "The burden of production then shifts to the nonmoving party to show that a genuine issue of material fact exists." *Id.* at 5 (citing *Byrd v. Hall*, 847 S.W.2d 208, 215 (Tenn. 1993)). The non-moving party may accomplish this by:

---

[2] Recently, the Tennessee General Assembly passed 2011 Tenn. Pub. Acts 498, "enacting Tennessee Code Annotated section 20-16-101 with the stated purpose 'to overrule the summary judgment standard for parties who do not bear the burden of proof at trial set forth in *Hannan v. Alltel Publ'g Co.*, its progeny, and the cases relied on in *Hannan*.'" *Skyes v. Chattanooga Housing Authority*, 343 S.W.3d 18, 25 n.2 (Tenn. 2011). However, the new legislation will only impact causes of action accruing after July 1, 2011. Because Ms. Atkins' claim was filed prior to July 2011,we apply the rule adopted by the Tennessee Supreme Court in *Hannan* to the facts of this case.

"(1) pointing to evidence establishing material factual disputes that were overlooked or ignored by the moving party; (2) rehabilitating the evidence attacked by the moving party; (3) producing additional evidence establishing the existence of a genuine issue for the trial; or (4) submitting an affidavit explaining the necessity for further discovery pursuant to Tenn. R. Civ. P., Rule 56.06." ***Martin v. Norfolk S. Ry. Co.***, 271 S.W.3d 76, 84 (Tenn. 2008) (citations omitted).

When reviewing the evidence, we must determine whether factual disputes exist. In evaluating the trial court's decision, we review the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in the nonmoving party's favor. ***Stovall v. Clarke***, 113 S.W.3d 715, 721 (Tenn. 2003). If we find a disputed fact, we must "determine whether the fact is material to the claim or defense upon which summary judgment is predicated and whether the disputed fact creates a genuine issue for trial." ***Mathews Partners***, 2009 WL 3172134 at \*3 (citing ***Byrd***, 847 S.W.2d at 214). "A disputed fact is material if it must be decided in order to resolve the substantive claim or defense at which the motion is directed." ***Byrd***, 847 S.W.2d at 215. A genuine issue exists if "a reasonable jury could legitimately resolve the fact in favor of one side or the other." ***Id.*** "Summary Judgment is only appropriate when the facts and the legal conclusions drawn from the facts reasonably permit only one conclusion." ***Landry v. S. Cumberland Amoco***, No. E2009-01354-COA-R3-CV, 2010 WL 845390, at \*3 (Tenn. Ct. App. Mar. 10, 2010) (citing ***Carvell v. Bottoms***, 900 S.W.2d 23 (Tenn. 1995)). "When considering the evidence, the reviewing court must consider the evidence in a light most favorable to the non-moving party and must resolve all reasonable inferences in the nonmoving party's favor." ***King v. Betts***, 354 S.W.3d 691, 712 (Tenn. 2011) (citing ***B & B Enters. of Wilson Cnty., LLC v. City of Lebanon***, 318 S.W.3d 839, 845 (Tenn. 2010).

## Analysis

### Examination Under Oath Requirement

Ms. Atkins first argues that the trial court erred in granting summary judgment to Farmers Mutual on the issue of the condition precedent to her recovery of the policy. Specifically, Ms. Atkins contends that the trial court erred in relying solely on the undisputed facts as submitted by Farmers Mutual. In contrast, Farmers Mutual contends that the trial court was entitled to rely on its Statement of Undisputed Facts because it was not denied by Ms. Atkins.

Rule 56.03 of the Tennessee Rules of Civil Procedure provides:

In order to assist the Court in ascertaining whether there are any

material facts in dispute, any motion for summary judgment made pursuant to Rule 56 of the Tennessee Rules of Civil Procedure shall be accompanied by a separate concise statement of the material facts as to which the moving party contends there is no genuine issue for trial. Each fact shall be set forth is a separate, numbered paragraph. Each fact shall be supported by a specific citation to the record.

Any party opposing the motion for summary judgment must, not later than five days before the hearing, serve and file a response to each fact set forth by the movant either (i) agreeing that the fact is undisputed, (ii) agreeing that the fact is undisputed for purposes of ruling on the motion for summary judgment only, or (iii) demonstrating that the fact is disputed. Each disputed fact must be supported by specific citation to the record. Such response shall be filed with the papers in opposition to the motion for summary judgment.

In addition, the non-movant's response may contain a concise statement of any additional facts that the non-movant contends are material and as to which the non-movant contends there exists a genuine issue to be tried . . . .

Based on the plain language of Rule 56.03:

Courts consistently have emphasized that a party opposing a motion for summary judgment may not simply rest on its pleadings, but must affirmatively oppose the motion. . . . Such opposition may be made by pointing to the evidence in the record which indicates disputed material facts. . . . Rule 56.03 requires that a party opposing a motion for summary judgment must serve and file a response to the motion.

***Holland v. City of Memphis***, 125 S.W.3d 425, 428 (Tenn. Ct. App. 2003) (internal citations omitted) (citing ***Staples v. CBL & Assocs.***, 15 S.W.3d 83, 89 (Tenn. 2000); ***McCarley v. West Quality Food Serv.***, 960 S.W.2d 585, 588 (Tenn. 1998)).

Generally, "when a non-moving party fails to respond to the moving party's statement of undisputed facts, the court may consider the facts admitted." ***Cardiac Anesthesia Servs.,***

***PLLC v. Jones***, 385 S.W.3d 530, 539 (Tenn. Ct. App. 2012) (citing ***Holland v***, 125 S.W.3d at 428–29 ("Thus the material facts set forth in the statement of the moving party may be deemed admitted in the absence of a statement controverting them by the opposing party.")); *see also* ***Waters v. Tenn. Dep't of Corr.***, No. M2002-00917-COA-R3-CV, 2003 WL 21713421, at *4 (Tenn.Ct.App. July 24, 2003) (holding that the "complete failure" to respond to a motion for summary judgment and statement of undisputed facts can amount to a conclusive admission that the facts contained in the statement are undisputed); ***Simmons v. Harris***, No. M2000-00227-COA-R3-CV, 2000 WL 1586451, at *3 (Tenn. Ct. App. Oct. 25, 2000) (holding that as consequence of non-moving party's failure to comply with Rule 56.03, the moving party's alleged facts were deemed admitted). In the cases cited above, however, the non-moving party made no effort to refute the statements contained in the moving party's Statement of Undisputed Facts, or the inferences to be gleaned therefrom. *See* ***Cardiac Anesthesia***, 385 S.W.3d at 539 (non-moving party filed no response to Statement of Undisputed Fact); ***Waters***, 2003 WL 21713421, at *4 (noting that the non-moving party "did not make any effort to refute the allegations in [the moving party's] Statement of Undisputed Facts"); ***Simmons***, 2000 WL 1586451, at *3 (indicating that the non-moving party failed to respond to the moving party's Statement of Undisputed Facts); *see also* ***Holland***, 125 S.W.3d at 428–29 (noting that the non-moving party did file a response to the moving party's Statement of Undisputed Facts, but that such response was not included in the record on appeal). The same is not true in this case.

Here, while Ms. Atkins did not expressly deny the facts as set forth in Farmers Mutual's Statement of Undisputed Facts, she did file a timely response "affirmatively opposing the motion" and "pointing to the evidence in the record which indicates disputed material facts" other than the facts alleged by Farmers Mutual. *See* ***Holland***, 125 S.W.3d at 429. Specifically, Ms. Atkins did not deny that she did not submit to an Examination Under Oath prior to filing her Counterclaim, but offered other, seemingly undisputed evidence, surrounding her failure to participate that could either excuse or mitigate that failure. Thus, Ms. Atkins clearly responded in opposition to the motion and submitted evidence as to why summary judgment was inappropriate. We conclude that Ms. Atkins' response was consistent with the spirit and purpose of Rule 56.03. To hold that Ms. Atkins' response did not comply with Rule 56.03 would be to elevate form over substance, a construction that this Court avoids. *See* ***Morgan Keegan & Co., Inc. v. Smythe***, 401 S.W.3d 595, 607, 608 (Tenn. 2013).

There is no indication that the trial considered the additional facts as set forth in Ms. Atkins' response to Farmers Mutual's summary judgment motion. Because we conclude that Ms. Atkins' properly responded to the motion for summary judgment, the trial court erred in not considering whether the facts as alleged in Ms. Atkins' response were material to the dispute. *See* ***Schwartz v. Diagnostix Network Alliance***, *LLC*, No. M2014-00006-COA-R3-CV, 2014 WL 6453676, at *6 (Tenn. Ct. App. Nov. 17, 2014) ("[A] disputed fact is only

material if it must be decided in order to resolve the substantive claim at which the motion is directed.") (citing *Byrd v. Hall*, 847 S.W.3d 208, 215 (Tenn. 1993)). Here, the central dispute in this case is whether Ms. Atkins' failure to submit to an Examination Under Oath prior to the filing of her lawsuit precludes her recovery under the insurance policy. From our review of the record, we conclude that the facts as alleged in Ms. Atkins' response are material to this dispute and make summary judgment inappropriate at this time.

This case involves a puzzling procedural history involving two separate, but interrelated requests for relief. First, Farmers Mutual filed a Petition for a Declaratory Judgment asserting that Ms. Atkins was not entitled to recovery under the insurance policy. Ms. Atkins then filed a Counterclaim asserting that she was. At different times, Farmers Mutual filed two separate summary judgment motions, both raising essentially the same argument: that Ms. Atkins' failure to cooperate with Farmers Mutual, by failing to submit to an Examination Under Oath prior to filing her complaint, precluded her ability to recover from the insurance policy. While in the first appeal, the trial court denied summary judgment, and ultimately had a hearing, finding that Ms. Atkins did not fail to cooperate, the trial court in this appeal granted summary judgment, based on essentially the same facts.

Despite the fact that the trial court apparently came to two opposite conclusions on the same issue in the same underlying lawsuit, Farmers Mutual argues that Ms. Atkins' admission that she failed to submit to an Examination Under Oath prior to filing her claim is conclusive proof that she is not entitled to recovery on the policy, citing this Court's Opinion in *Spears v. Tennessee Farmers Mutual Insurance Co.*, 300 S.W.3d 671 (Tenn. Ct. App. 2009). We, however, do not interpret the decision in *Spears* in a way that supports the trial court's action in this case.

In *Spears*, the insurance policy at issue required the insured to "cooperate with us and anyone [the insurance company] name[s]" and "answer questions under oath when asked by anyone [the insurance company] name[s]." *Id.* at 679. Further, the policy provided that: "No legal action may be brought against us until there has been full compliance with all the terms of this policy." Mr. and Mrs. Spears owned a policy of insurance on an automobile. After the automobile was damaged by a fire, the insureds filed a claim with their insurance company for the loss. There was some indication that the fire may have been intentionally set. Mr. Spears gave two statements to the insurance company, but he was never placed under oath. The insurance company subsequently requested that the insureds submit to questions under oath pursuant to the insurance policy. Mrs. Spears testified under oath, but the interview was cut short by the insureds. *Id.* at 674. The insureds expressed some reluctance to continue participating in the questioning, but ultimately agreed to submit to further questions under oath. The insureds' agreement proved hollow, however, as they failed to attend two scheduled examinations. As such, Ms. Spears' examination was never concluded and Mr.

Spears was never examined under oath. Rather than submitting to questions under oath, the insureds instead filed a complaint against the insurance company seeking compensatory and punitive damages based on allegations that the insurance company "had breached the contract of insurance, violated the Tennessee Consumer Protection Act, and acted in bad faith in not paying their claim under the insurance policy in violation of Tenn. Code Ann. § 56-7-105." *Id.* at 675.

The insurance company filed an answer and counterclaim denying that the insureds were entitled to any recovery under the policy due to their failure to complete the questioning under oath. The trial court agreed with the insurance company, granting summary judgment in favor of the insurance company on the insured's complaint. *Id.* at 676. The insureds sought an appeal to this Court, arguing that the question-under-oath requirement was not a mandatory condition precedent to their recovery on the policy. This Court disagreed, stating:

> Tennessee courts have upheld similar duty to cooperate clauses as a pre-condition to exercising an insured's rights under the contract. *See Shelter Ins. Co. v. Spence*, 656 S.W.2d 36 (Tenn. Ct. App. 1983) (held insurer was entitled under cooperation clause of policy to take sworn statement from each insured privately and out of each other's presence); *Widener v. Tenn. Farmers Mut. Ins. Co.*, No. 03A01-9506-CV-00203, 1995 WL 571868 (Tenn. Ct. App. Sept. 29, 1995) (recognizing an insurer's right to take an insured's statement under oath); *Jones v. Tenn. Farmers Mut. Ins. Co.*, No. M2003-00862-COA-R3-CV, 2004 WL 170359, at *2 (Tenn. Ct. App. Jan.27, 2004) (recognizing *Shelter Ins. Co. v. Spence* as standing for the proposition that "[t]he contractual right of the insurer to compel the insured to submit to a statement under oath concerning a fire loss is unconditional"); *Tenn. Farmers Mut. Ins. Co. v. Bradford*, No. 02A01-9711-CV-00284, 1999 WL 528835 (Tenn.Ct.App. Jul.23, 1999); *Gurien v. Allstate Ins. Co.*, No. 95-20-I, 01A01-9610-CH-00459, 1997 WL 431185 (Tenn. Ct. App. Aug. 01, 1997). In discussing the parameters of an examination under oath, the *Shelter* court stated:
>
> > The right of the insurer to take and the obligation of the insureds to give sworn statements in accordance with the terms of the policy is not questioned. Fire policies such as the one in question almost universally require that the

insured cooperate with the insurer in the investigation of the fire as a condition precedent to performance by the company to indemnify the insured for his loss.

*Shelter*, 656 S.W.2d at 38. The court further explained that the principal purpose of taking such sworn statements was to obtain true and accurate information about the type and extent of damage and held that "the insurer, through a designated representative, may take a sworn statement from each insured privately." *Id.*

Courts in other jurisdictions have similarly interpreted the examination-under-oath requirement of an insurance policy and have consistently held that failure to submit to questions under oath is a material breach of the policy terms and a condition precedent to an insured's recovery under the policy. *See Watson v. Nat'l Surety Corp. of Chicago, Ill.*, 468 N.W.2d 448 (Iowa 1991) (held that an insured's submission to questions under oath was condition precedent to recovery under policy); *Wiles v. Capitol Indemnity Corp.*, 215 F.Supp.2d 1029 (E.D. Mo. 2001) (held that insured's failure to comply with insurer's requests for examination under oath constituted material breach of policy's cooperation clause, precluding action); *see also, e.g.*, *Pervis v. State Farm Fire & Cas. Co.*, 901 F.2d 944, 946 (11th Cir. 1990); *West v. State Farm & Cas. Co.*, 868 F.2d 348, 349 (9th Cir. 1989) (per curiam); *Stover v. Aetna Cas. & Sur. Co.*, 658 F.Supp. 156, 159 (S.D.W.Va. 1987); *Kisting v. Westchester Fire Ins. Co.*, 290 F.Supp. 141, 147 (W.D.Wis. 1968), aff'd, 416 F.2d 967 (7th Cir. 1969); *Warrilow v. Superior Court*, 689 P.2d 193, 196 (Ariz. Ct. App. 1984); *Standard Mut. Ins. Co. v. Boyd*, 452 N.E.2d 1074, 1079 (Ind. Ct. App. 1983); *Allison v. State Farm Fire & Cas. Co.*, 543 So.2d 661, 663 (Miss.1989); *Azeem v. Colonial Assurance Co.*, 96 A.D.2d 123, 124, 468 N.Y.S.2d 248, 249 (1983), *aff'd*, 62 N.Y.2d 951, 479 N.Y.S.2d 216, 468 N.E.2d 54 (1984); see also 13 *Couch on Insurance* 3d § 196:24; R.Y. Liang, 4 A.L.R.3d 631 at § 5; 1 *Insurance Claims and Disputes* 5th § 3:2; 16 *Williston on Contracts* § 49:106 (4th ed.). **We likewise find that submission to answer questions under oath when requested as provided for in the insurance policy at issue is a condition precedent to an**

**insured's recovery under that policy.**

*Spears*, 300 S.W.3d at 680–81 (emphasis added).

The *Spears* Court, however, did not establish the type of unforgiving rule suggested by Farmers Mutual in this case, in which the court is required to disregard the circumstances surrounding an insured's failure to submit to an Examination Under Oath. Instead, the *Spears* Court cited with approval an Iowa Supreme Court case that held that "submission to questions under oath was a condition precedent to an insured's recovery under an insurance policy that contained such a provision, **but that an insured need only substantially comply in order to preserve his or her rights under the policy**." *Id.* at 681 (emphasis added) (citing *Watson v. Nat'l Surety Corp. of Chicago, Ill.*, 468 N.W.2d 448 (Iowa 1991)). Thus, the *Spears* Court did not hold that every failure to fully submit to questioning would be considered a material breach of the insurance contract. Instead, the Court considered the attendant circumstances of the insureds' failure to submit to questioning under oath, including Mr. Spears' early cooperation, and the insured's failure to submit to full questioning on not one, but three separate occasions. Under these circumstances, the Court concluded that the insured's behavior constituted a material breach of the insurance policy, which breach precluded their recovery.

The *Spears* Court's suggestion that substantial compliance with an Examination Under Oath provision may be sufficient to preserve an insured's ability to recover under an insurance policy is consistent with the general contract principle that: "[I]n order for a contractual breach to be sufficient to relieve the non-breaching party of its contractual obligations, the initial breach must be 'material.'" *DePasquale v. Chamberlain*, 282 S.W.3d 47, 53 (Tenn. Ct. App. 2008). Because a breach must be material, this Court has set forth a five-factor test to determine whether a breach was material, which includes:

> (1) The extent to which the injured party will be deprived of the expected benefit of his contract;
>
> (2) The extent to which the injured party can be adequately compensated for the part of that benefit of which he will be deprived;
>
> (3) The extent to which the party failing to perform or to offer to perform will suffer forfeiture;
>
> (4) The likelihood that the party failing to perform or to offer to perform will cure his failure, taking account of all the

circumstances including any reasonable assurances; and

(5) The extent to which the behavior of the party failing to perform or to offer to perform comports with standards of good faith and fair dealing.

*Id.* at 53–54 (quoting Restatement (Second) of Contracts, § 241 (1979)). Nothing in the trial court's order indicates that it considered whether Ms. Atkins' failure to submit to the Examination Under Oath prior to filing her claim was a material breach of the insurance contract.

Under these circumstances, we conclude that the facts as alleged in Ms. Atkins' response to Farmers Mutual's Statement of Undisputed Fact create material factual disputes as to whether Ms. Atkins' failure to submit to the Examination Under Oath prior to filing suit is a material breach of the insurance contract that completely bars her recovery under the policy. Here, Ms. Atkins alleges, and Farmers Mutual does not appear to dispute, that Ms. Atkins informed Farmers Mutual that she was not planning to pursue her claim "at this time," due to the pending criminal charges against her. Thus, Ms. Atkins declined to participate in a Examination Under Oath at that time. Nothing in the record indicates that Ms. Atkins repeatedly failed to submit to an examination, as did the insureds in *Spears*. Before the criminal charges were resolved, however, Ms. Atkins filed her initial complaint. Ms. Atkins' criminal defense attorney's deposition is included in the record. According to the attorney, the purpose of the filing was to toll the contractual and statutory limitations periods on Ms. Atkins' insurance claim.[3] The initial complaint was almost immediately voluntarily dismissed. Only after Farmers Mutual filed a Petition for Declaratory Judgment did Ms. Atkins again assert her claim. These circumstances are certainly relevant and material to the question of whether Ms. Atkins materially breached the insurance policy.

Indeed, although this issue has never been considered by Tennessee Courts, the United States Circuit Court for the Second Circuit, applying New York law, held that an insured's failure to submit to an Examination Under Oath prior to filing suit did not constitute a material breach of the insurance contract under circumstances substantially similar to the facts in this case. *See **C-Suzanne Beauty Salon, Ltd. v General Ins. Co.***, 574 F2d 106 (2d Cir. 1978). In **C-Suzanne**, the insureds held an insurance policy on the personal property associated with their business. The insurance policy required that insureds submit to examinations under oath if requested by the insurance company. The business suffered a fire

---

[3]As previously discussed, the insurance policy at issue contains a one-year contractual limitations period from the date of the loss. Ms. Atkins lost her property on July 26, 2008. Her initial complaint was filed exactly one year later on July 27, 2009.

loss and the insureds filed a proof of loss. The insurance company responded by requesting that the insureds appear for an examination under oath at a specific time and location. The insureds' attorney responded that the insureds "do not intend to proceed" with their claim under the policy. The insurance company did not insist on conducting the examination. *Id.* at 108. The insureds, however, "apparently changed their minds about pursuing their claim," and filed a claim in state court two days before the contractual limitations period was set to expire. The action was removed to federal court and the insurance company filed a motion for summary judgment, raising essentially the same argument at issue in this case: that the insureds' failure to submit to an examination under oath precluded their recovery under the policy. The trial court denied the motion, but required the insureds to submit to an Examination Under Oath.

On appeal, the insurance company, like Farmers Mutual in this case, contended that the insured's submission to an Examination Under Oath was a condition precedent to recovery under the policy. The insurance company argued that because the condition precedent had not been fulfilled, the insureds had no right to recovery under the policy. The Second Circuit agreed that the Examination Under Oath provision of the insurance contract served as a condition precedent to recovery under the policy. *Id.* at 110–11 ("[A] refusal to appear for an examination under oath constitutes a material breach of the contract of insurance[.]"). However, the Court further concluded that the insured's failure to submit to the examination was insufficient to preclude their recovery, based upon the particular facts in that case. Specifically, the Court cited the insured's initial decision not to proceed with their claim, their decision to file suit to prevent the expiration of the limitations period, and the insurance company's failure to insist upon the examination. *Id.* at 111. Under these circumstances, the Court affirmed the trial court's finding that the failure to submit to the examination was not willful, but was merely a technical, unimportant breach of the insurance contract.

To support its decision, the Second Circuit noted that the law in New York was well-settled that "technical or unimportant omissions or defects in the performance by either party" were not sufficient to defeat recovery. *Id.* (quoting *Porter v. Traders' Ins. Co.*, 164 N.Y. 504, 509, 58 N.E. 641, 642-43 (1900)). The same standard is applicable in Tennessee:

> Substantial performance [of a contract] is said to exist "where there has been no willful departure from the terms of the contract, and no omission in essential points, and it has been honestly and faithfully performed in its material and substantial particulars," and the only variance from the strict and literal performance consists of "technical or unimportant omissions or defects."

***Interstate Bldg. Corp. v. Hillis***, 17 Tenn.App. 171, 66 S.W.2d 597, 598 (Tenn. Ct. App. 1933) (quoting ***Cotherman v. Oriental Oil Co.***, 272 S. W. 616, 619 (Tex. Civ. App. 1925)). Further, the facts in ***C-Suzanne*** are nearly identical to the facts in this case. Here, like the insureds in ***C-Suzanne***, Ms. Atkins initially filed a timely proof of loss, but deferred proceeding with her claim. Much like in ***C-Suzanne***, because the contractual limitations periods were set to expire, Ms. Atkins filed a complaint against Farmers Mutual to preserve her claim. The claim was non-suited prior to Farmers Mutual filing any response. Thus, the facts surrounding the insured's failure to submit to an Examination Under Oath were clearly material to the Court in ***C-Suzanne***. They are likewise material in this case.

In ***C-Suzanne***, the trial court denied a motion for summary judgment and allowed the case to proceed to trial on the issue. Here, however, the trial court, after having a hearing and determining that Ms. Atkins did not, in fact, fail to cooperate with Farmers Mutual, subsequently granted summary judgment to Farmers Mutual based on essentially the same argument that it had previously rejected.[4] We have concluded that the trial court failed to consider whether the facts alleged by Ms. Atkins were material and in dispute prior to ruling on the summary judgment motion. From our review of the record, the parties clearly "disagree about the inferences and conclusions to be drawn from the facts," specifically whether the facts show that Ms. Atkins materially breached the insurance contract. ***CAO Holdings, Inc. v. Trost***, 333 S.W.3d 73, 87 (Tenn. 2010). Accordingly, to determine this issue, this Court would be forced to weigh the evidence in favor, and against, a conclusion that Ms. Atkins' failure to submit to an Examination Under Oath prior to filing her suit constitutes a material breach of the insurance contract, under the particular facts of this case. However, summary judgment proceedings have never been envisioned as substitutes for trials of disputed factual issues. ***Id.*** (citing ***Fruge v. Doe***, 952 S.W.2d 408, 410 (Tenn. 1997)). Summary judgment "should not replace a trial when disputed factual issues exist, because ***its purpose is not to weigh the evidence***, to resolve factual disputes, or to draw inferences from the facts." ***Downs v. Bush***, 263 S.W.3d 812, 815 (Tenn. 2008) (emphasis added). Courts should grant summary judgment "only when both the facts and the conclusions to be drawn from the facts permit a reasonable person to reach only one conclusion." ***Carvell v. Bottoms***, 900 S.W.2d 23, 26 (Tenn. 1995). Because the issue of whether Ms. Atkins' failure to submit to an Examination Under Oath prior to filing her claim constituted a material

---

[4] We do not take issue with the trial court's decision to revisit its earlier ruling on the issue of Ms. Atkins' alleged failure to cooperate. The trial court's initial ruling that Ms. Atkins did not fail to cooperate did not resolve all the issues in the case. It was, therefore, interlocutory in nature. An interlocutory order "remains 'subject to the control of the trial judge, and may be modified and set aside by him at any time prior to its becoming final.'" ***Cooper v. Tabb***, 347 S.W.3d 207, 219 (Tenn. Ct. App. 2010) (quoting ***Benson v. Fowler***, 43 Tenn.App. 147, 306 S.W.2d 49, 54 (Tenn. Ct. App. 1957)). Although the trial court's practice was unusual, as the trial court does not appear to have specifically set aside its earlier ruling, we review only whether the subject decision regarding summary judgment was correct.

breach of the contract was clearly at issue in the trial court, and remains in dispute, summary judgment was inappropriate.

Furthermore, the issue of whether prejudice must be shown to preclude recovery under the policy, the exact issue that was not properly determined by the trial court in the first appeal, still has not been resolved in this appeal. *See Atkins I*, 2012 WL 982998, at *4–*5. As we stated in our first appeal, Farmers Mutual's original motion for summary judgment again sought judgment in its favor based on Ms. Atkins' failure to submit to an Examination Under Oath based upon *Spears*, which does not expressly contain a requirement that the insurance company prove prejudice. *See generally Spears*, 300 S.W.3d at 678–81.[5] Ms. Atkins responded, however, that the law in *Talley v. State Farm Fire & Cas. Co.*, 223 F.3d 323 (6th Cir. 2000), required "a showing of prejudice" to prevail in an action to prevent an insured's recovery based on a failure to submit to a sworn examination. *Id.* at. 328 (noting, however, that there is a presumption that the insurance company was prejudiced, which presumption must be rebutted by the insured to recover). The trial court denied summary judgment finding a divergence of opinion on the issue of whether prejudice was required. Although an interlocutory appeal was granted in that case, we concluded that it was premature because the trial court never actually made an initial determination, as required for appropriate appellate review. *See Atkins I*, 2012 WL 982998, at *4–*5. On remand, however, the trial court concluded that a hearing was required. Because the trial court ultimately found that Ms. Atkins did not fail to cooperate in submitting to an Examination Under Oath, the trial court never made a determination as to whether prejudice was required to be shown from an insured's failure to cooperate in submitting to an Examination Under Oath. The trial court in this case, however, granted summary judgment, based on a nearly identical argument from Farmers Mutual, again without deciding the issue of whether prejudice was required. This issue, along with the disputed material facts discussed above, make summary judgment inappropriate at this stage in the litigation. The judgment of the trial court granting summary judgment is, therefore, reversed.

## Limitations Period

Farmers Mutual additionally argues that Ms. Atkins' complaint is barred by the contractual limitations period. As previously discussed, the insurance policy at issue provides that: "No suit to recover for any properly claim may be brought against us unless . . . the suit is commenced within 1 year after the loss." Farmers Mutual appears to make two arguments

---

[5] From our review of the Opinion in *Spears*, it does not appear that the insureds argued that a showing of prejudice was required. Instead, the insureds argued that their compliance with the policy requirement that they submit to questions under oath was not mandatory and that they substantially complied with the policy by submitting to unsworn examinations. *See Spears*, 300 S.W.3d at 679–80.

in its brief: (1) even if Ms. Atkins had fulfilled all the conditions precedent to filing suit, her claim is not timely because her Counterclaim was not filed within the applicable limitations period; (2) Ms. Atkins' failure to fulfill the condition precedent under the insurance contract prior to filing suit and before the expiration of the contractual limitation bars her claim. We begin with Farmers Mutual's first argument.

Farmers Mutual states in its brief that:

> [E]ven if [Ms.]Atkins had submitted to an [Examination Under Oath] at the appropriate time, her case was time-barred due to the date she filed her counterclaim. The Policy would have become due and payable on January 23, 2009 because she submitted her Proof of Loss on December 9, 2008, and an insured loss is payable forty-five days after a satisfactory proof of loss is received. The one-year contractual limitation of actions, then, expired on January 25, 2010, but [Ms.] Atkins did not file her counter-complaint until June 9, 2010.

Farmers Mutual, however, appears to ignore the fact that Ms. Atkins filed her initial complaint on July 27, 2009, well-within the contractual limitations period outlined in Farmers Mutual's brief. Her Counterclaim was filed within one year from the voluntary dismissal of that claim. *See* Tenn. Code Ann. § 28-1-105(a) ("If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action, . . . the plaintiff . . . may . . . commence a new action within one (1) year after the reversal or arrest."). Thus, taking Farmers Mutual's assumption that "[Ms.]Atkins had submitted to an [Examination Under Oath] at the appropriate time," we conclude that her complaints were timely filed.

Farmers Mutual next argues that Ms. Atkins' initial complaint was rendered a nullity by Ms. Atkins' failure to submit to an Examination Under Oath prior to filing suit. Specifically, Farmers Mutual argues that:

> When [Ms.] Atkins first filed suit against [Farmers Mutual], her action had not accrued because she did not fulfill the condition precedent of submitting to an [Examination Under Oath]. She later voluntarily dismissed the first action. When she asserted her counter-complaint, the contractual limitations period applicable to this action had already expired over five months earlier. The saving statute cannot operate to save her cause of

action because the first action was invalid.

Farmers Mutual's argument rests on the assertion that Ms. Atkins' "fail[ure] to fulfill the condition precedent of submitting to an [Examination Under Oath]" resulted in a "failure to fulfill all the terms of the [insurance] [p]olicy." However, we have determined that there is a material dispute as to whether Ms. Atkins' failure to submit to an Examination Under Oath resulted in a material breach of the insurance policy. Without a resolution of this dispute, this Court cannot determine whether Ms. Atkins' failure rendered her initial suit a nullity for limitations purposes.[6] This issue is, therefore, pretermitted. Ms. Atkins' arguments regarding waiver and estoppel are, therefore, also pretermitted.[7]

## Conclusion

The judgment of the Monroe County Chancery Court is reversed and this cause is remanded to the trial court for all further proceedings as may be necessary and are consistent with this Opinion. Costs of this appeal are taxed to Appellee Farmers Mutual of Tennessee, for which execution may issue if necessary.

_____
J. STEVEN STAFFORD, JUDGE

---

[6] We note that the case generally relied on by Farmers Mutual, *Spears v. Tennessee Farmers Mutual Insurance Co.*, 300 S.W.3d 671 (Tenn. Ct. App. 2009), indicates that a material breach of the duty to cooperate clause of an insurance contract precludes an insured's recovery under the policy, rather than renders the filing of the complaint a nullity. Under either theory, however, a material breach will prevent an insured from recovering under the policy.

[7] We note that the trial court's order granting summary judgment in favor of Farmers Mutual failed to address Ms. Atkins' arguments concerning waiver and estoppel. While Ms. Atkins may not have ultimately been successful on these arguments, it was error for the trial court to grant summary judgment without considering them and stating its grounds for rejecting Ms. Atkins' arguments. *See generally Smith v. UHS of Lakeside, Inc.*, 439 S.W.3d 303 (Tenn. 2014) (holding that a trial court must expressly state the legal grounds for granting a motion for summary judgment).